UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLUBUKANLA JINKS MATTHEWS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA CHILD SUPPORT; D CLEARY; MELINDA R. SELF; GILBERT BOYD TARIN; and ANITA SANTOS; S L SOTO,<br><br>Defendants. | No. 2:19-cv-572-TLN-EFB PS<br><br>ORDER TO SHOW CAUSE |

Plaintiff, proceeding *in propria persona*, brings this action against the County of Contra Costa's Department of Child Support Services ("CSS") and four individual defendants who appear to be CSS employees. ECF No. 1 at 1, 8. Plaintiff alleges that the defendants trespassed on his property, which is located in Oakland, California. *Id*. at 3.

It appears that the Eastern District of California is an improper venue for plaintiff's claim. The relevant venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action,

1

any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which [a case is filed] laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Plaintiff's complaint does not allege any events or omissions occurring in the Eastern District of California. Instead, the events giving rise to plaintiff's claim occurred in Oakland, California, which is located in the County of Alameda. ECF No. 1 at   Additionally, the one address provided for all defendants is in the City of Martinez, which is located in the County of Contra Costa. *Id*. at 8. Because both the County of Alameda and the County of Contra Costa lie within the venue of the Northern District of California, it appears that this district is not a proper venue. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 84(d).

More significantly, the complaint fails to establish subject matter jurisdiction. The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint does not allege a federal claim. Instead, plaintiff appears to only assert a state law claim for trespass. ECF No. 1 at 3. But plaintiff's complaint reflects he and defendant CSS are both citizens of California (*id*. at 3-4) and that the amount in controversy is only $35,000

1 (*id*. at 3). Accordingly, both federal question and diversity jurisdiction are absent. *See Bautista*,
2 828 F.2d at 552.
3     Accordingly, plaintiff is hereby ORDERED to show cause, in writing, within 14 days of
4 this order why this action should not be dismissed for lack of jurisdiction and venue.[1] Failure to
5 timely respond to this order will result in a recommendation that this action be dismissed.
6 DATED: May 2, 2019.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is hereby notified that should he adequately demonstrate a basis for subject matter jurisdiction but fail to show that venue in this district is proper, the action may be transferred to the Northern District of California instead of being dismissed without prejudice. *See* 28 U.S.C. § 1406(a).

3