UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLUBUKANLA JINKS MATTHEWS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA CHILD SUPPORT; D CLEARY; MELINDA R. SELF; GILBERT BOYD TARIN; and ANITA SANTOS; S L SOTO,<br><br>Defendants. | No. 2:19-cv-572-TLN-EFB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding *in propria persona*, filed this action against the County of Contra Costa's Department of Child Support Services ("CSS") and four individual defendants who appear to be CSS employees. ECF No. 1 at 1, 8. Shortly after the complaint was filed, plaintiff was ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction and improper venue.[1] ECF No. 3.

---

[1] That order observed that plaintiff's sole cause of action is a state law trespass claim arising out of events that occurred in the County of Alameda. The complaint also indicates that all defendants (as well as plaintiff) reside in the County of Contra Costa, which—like the County of Alameda, is within the jurisdictional boundaries of the Northern District of California. Plaintiff was notified that should he demonstrate a basis for subject matter jurisdiction but fail to show that venue is proper in this district, the action may be transferred to the Northern District of California instead of being dismissed without prejudice. *See* 28 U.S.C. § 1406(a). As explained herein, plaintiff has not demonstrated a basis for jurisdiction.

In response, plaintiff filed two documents. The first is styled as "Foreign Affidavit and Claim: Tresspass [forgery]" and the second as "Foreign Affidavit and Judicial Notice." ECF Nos. 4 & 5. Neither filing establishes subject matter jurisdiction. Rather, they demonstrate the opposite. Plaintiff claims that the defendants violated his constitutional rights by stealing $200 from his bank account each month since 2013. ECF No. 4 at 2; ECF No. 5 at 1. He requests that this court stop an unspecified fraud committed by the California Superior Court. ECF No. 5. Significantly, he also submitted a 2013 order from the Contra Costa County Superior Court requiring him to make monthly child support payments in the amount of $200. Thus, it appears from plaintiff's filings that he seeks to contest an order for child support payments.

Plaintiff's attempt to challenge a state court order requiring him to pay child support is barred under the *Rooker-Feldman* doctrine. Under that doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from a judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n. 4. "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. Because plaintiff's alleged injury arises out of a state court order, this court lacks jurisdiction over his claim.

For the above reasons the plaintiff's complaint must be dismissed. Further, the jurisdictional defect cannot be cured by amendment. Therefore, the dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that plaintiff's complaint be dismissed without leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE